UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE TRIZETTO GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> HEALTHWEB.COM, IN REM, <br><br> Defendant. | NO. C06-1759JLR <br><br> ORDER |

Before the court is Plaintiff's proposed notice by publication and statement regarding transfer of res to Canada (Dkt. # 7). For the reasons stated below, the court adopts Plaintiff's proposed notice by publication and directs Plaintiff to publish it consistent with this order.

Plaintiff is the owner of the registered trademark, "HEALTHWEB" (United States Patent and Trademark Office Registration No. 2378396). Plaintiff brings this in rem action against the domain name "HEALTHWEB.COM," pursuant to 15 U.S.C. § 1125(d)(2)(A). Section 1125(d)(2)(A) permits the owner of a trademark to file an in rem civil action against a domain name if, through due diligence, Plaintiff is unable to find the person who would have been the defendant in the action. 15 U.S.C. § 1125(d)(2)(A)(ii)(II). In order to assert in rem jurisdiction pursuant to this section, the Plaintiff must both attempt to provide actual notice by sending the notice to the registrant of the domain name and by "publishing notice of the action

ORDER – 1

1  as the court may direct promptly after filing this action." Id.  The court previously ordered
2  that Plaintiff file a proposed notice of publication that satisfies the second notice requirement,
3  which is now before the court.  Before reaching the issue of notice, however, the court must
4  address Plaintiff's notice of transfer of res.

5  Since filing this action, the registrar of the HEALTHWEB.COM domain name, eNOM,
6  Inc., advised Plaintiff's counsel that the domain had been transferred to the registrar PitchBack
7  Domains, Inc. located in Las Vegas, Nevada.  Pl.'s Prop. Not. at 2.  When Plaintiff provided
8  written notice of the lawsuit to PitchBack Domains, it was informed that the domain had been
9  transferred once again; this time, to a registrar located in Ottawa, Ontario called Rebel.com
10 Corp.  Id.  Plaintiff then notified Rebel.com of the lawsuit and was informed by Rebel that it
11 was the current registrar of HEALTHWEB.COM and that it would "govern itself
12 accordingly."  Id.

13 This new information raises the question of whether the court maintains jurisdication
14 over this in rem action, as the res was moved to Canada.  The court's jurisdiction in this matter
15 is founded upon the fact that the first registrar, eNOM, Inc., is located in Bellevue,
16 Washington.  See 15 U.S.C. § 1125(d)(2)(A) ("The owner of a mark may file an in rem civil
17 action against a domain name in the judicial district in which the domain name registrar . . . is
18 located.").  The court finds that the subsequent transfer of the domain name to Canada does
19 not divest it of jurisdiction.  See Stevedoring Servs. of Am. v. Ancora Transp., N.V., 59 F.3d
20 879, 882 (9th Cir. 1995) ("While a district court needs jurisdiction over a res to initiate an in
21 rem action, it does not need to maintain continuous control of the res to maintain jurisdiction
22 of the action.") (citing Republic Nat'l Bank of Miami v. United States, 506 U.S. 80, 87-88
23 (1992)).  Accordingly, the court finds that jurisdiction over the in rem property attached at the
24 time the suit was filed and the subsequent relocation of the registrar to Canada does not divest
25 it of jurisdiction.

26 ORDER – 2

The court, having determined that jurisdiction is proper in this district, now ORDERS as follows:

Plaintiff shall publish the notice set forth in its February 23, 2007 proposed notice by publication (Dkt. # 7), except that Plaintiff shall give the owner of HEALTHWEB.COM until April 30, 2007 to file a written answer in this proceeding; and

Plaintiff shall publish this notice in the daily newspapers in Ottawa, Ontario; Seattle, Washington; and Las Vegas, Nevada.

Dated this 2nd day of March, 2007.

JAMES L. ROBART
United States District Judge

ORDER – 3